IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LORENZA BARNETTE,** | CASE NO. 3:23 CV 1303 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **LT. KENNEDY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Currently pending before the Court in this prisoner 42 U.S.C. § 1983 action alleging deliberate indifference is *pro se* Plaintiff Lorenza Barnette's Motion to Alter/Amend Judgment (Doc. 26). Defendant Lt. Kennedy opposed (Doc. 29), and Plaintiff replied (Doc. 30). Also pending is Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 27). For the reasons discussed below, the Court denies both motions.[1]

### STANDARD OF REVIEW

---

1. Prior to filing his Motion to Alter/Amend, Plaintiff filed a Notice of Appeal. (Doc. 25). A district court generally loses jurisdiction over an action once a party files a notice of appeal. *See Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007). However, in civil cases, the timely filing of certain listed motions not only tolls the time to appeal but also suspends the effectiveness of a notice of appeal until the last of such motions is resolved. *See* Fed. R. App. P. 4(a)(4) Advisory Committee Notes (1993 Amendment). "That is, the timely filing of a motion listed in Rule 4(a)(4)(A)—including a motion to alter or amend judgment under Rule 59—has been held to suspend or render dormant a notice of appeal 'regardless of whether the motion was filed before or after the notice of appeal.'" *Patterson v. Anderson*, 586 F. App'x 657, 662 (6th Cir. 2014) (quoting *Ross v. Marshall*, 426 F.3d 745, 751–52 (5th Cir. 2005)). In the present case, the Sixth Circuit noted it would hold the appeal in abeyance pending this Court's ruling on the pending motion. (Doc. 28).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). "A motion under Rule 59(e) is not an opportunity to re-argue a case. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th. Cir. 1998) (citation omitted). Motions to alter or amend under Rule 59 are extraordinary, and should be sparingly granted. *See Cequent Trailer Prods., Inc. v. Intradin (Shanghai) Mach. Co., Ltd.*, 2007 WL 1362457, at *2 (N.D. Ohio); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

## DISCUSSION

Motion to Alter/Amend Judgment

Plaintiff moves to alter or amend this Court's December 2, 2024, judgment. He presents several arguments, which the Court takes in turn.

First, Plaintiff contends the Magistrate Judge has not made findings and recommendations in this case pursuant to Federal Rule of Civil Procedure 72(b)(1). He contends the lack of such findings "robs Plaintiff of his right to object within 14 days of being served with a copy of the recommended disposition." (Doc. 26, at 3–4). The undersigned referred this case to the Magistrate Judge for "general pretrial supervision, resolution of all discovery issues, and non-dispositive motions." This referral excluded case dispositive motions such as the motion for summary judgment presented to the Court. This argument is not a reason to alter or amend the prior judgment.

Second, Plaintiff contends the Court misapplied or disregarded the application of the objective component of a deliberate indifference claim. (Doc. 26, at 5). Plaintiff cites *Hogan v. Householder*, 2024 U.S. Dist. LEXIS 147647 (S.D. Ohio) and *McDougald v. Eaches*, 2019 U.S. Dist. LEXIS 177941 (S.D. Ohio) in support. As Defendant correctly points out, although *Hogan* addresses the use of pepper spray, it does so in the context of an excessive force claim. Plaintiff did not bring an excessive force claim, but rather a deliberate indifference claim. *Hogan* is inapplicable and does not show any "clear error of law." *McDougald* similarly supports the Court's conclusion that the temporary effects of pepper spray do not rise to the level of a serious medical need to satisfy the objective component of a deliberate indifference claim. 2019 U.S. Dist. LEXIS 177941, at *23.

Third, Plaintiff argues the Court "created a double standard" and an "extra step" when it addressed whether Plaintiff had established the objective component of such a claim as a result of an alleged delay in medical treatment. (Doc. 26, at 5-6). The Court, in addressing a potential "delay in medical treatment" claim, was simply attempting to interpret Plaintiff's claim liberally and assume he was presenting both a "denial of treatment" and "delay of treatment" claim. Plaintiff correctly identifies the relevant law: *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) and *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person[.]" *Blackmore*, 390 F.3d at 899. If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Id.* at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment[,]" *Napier*, 238 F.3d at 742 (6th Cir. 2001) (internal quotation

3

marks omitted). The Court's prior opinion simply stated that if Plaintiff was alleging a delay in treatment or the failure to treat a condition adequately, he had not presented such evidence. *See* Doc. 23, at 8. The Court finds Plaintiff has not established a clear error of law nor demonstrated a manifest injustice.

Fourth, Plaintiff argues "the Court did not determine in the view of the totality of the circumstances whether Plaintiff has suffered unduly by Defendant's denial and delay of medical treatment after exposure to OC chemical." (Doc. 26, at 7). For this proposition, he cites the following quotation from *Westlake v. Lewis*, 537 F.2d 857 (6th Cir. 1976):

> Whether a prisoner has suffered unduly by the failure to provide medical treatment is to be determined in view of the totality of the circumstances. In making this determination the trier of fact should consider the practicalities of the situation including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention.

Again, the Court finds Plaintiff has not demonstrated a clear error of law. In its prior opinion, the Court evaluated the evidence presented at the summary judgment stage and applied the relevant law.

Finally, as Defendant points out (Doc. 29, at 5), Plaintiff presents no argument as to the Court's determination regarding his failure to provide evidence of the subjective component of a medical indifference claim. In its Memorandum Opinion and Order, this Court found that "Plaintiff ha[d] not demonstrated a question of material fact regarding whether Defendant subjectively 'drew the inference' that a substantial risk of harm existed." (Doc. 23, at 10). This alone is and was a sufficient independent basis on which to grant summary judgment. *See, e.g.*, *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996) (affirming grant of summary judgment on failure to create issue of fact regarding the subjective prong).

Motion to Appeal *In Forma Pauperis*

Federal Appellate Rule 24 requires a party seeking to appeal *in forma pauperis* to file a motion with the district court, as Plaintiff has. Fed. R. App. P. 24(a)(1); (Doc. 27). The Court must evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (observing that "[a]fter this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal"). Further, "district courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in forma pauperis on appeal." *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also* 28 U.S.C. § 1915(a)(3) (an appeal may not be taken *in forma pauperis* if trial court certifies in writing that it is not taken in good faith). The Sixth Circuit has held that "[a] frivolous appeal, one that 'lacks an arguable basis either in law or in fact,' would not be taken in good faith." *Shephard v. Morvzin*, 2016 WL 10592246, at *1 (6th Cir.) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *accord Shepard v. Clinton*, 27 F. App'x 524, 524 (6th Cir. 2001). It is irrelevant, for instance, that a litigant may have a subjective belief that their lawsuit is meritorious. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Rather the question is whether a "reasonable person" would believe the claim has legal merit. *Id*. Finally, "[t]he decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004).

For the same reasons stated in the Memorandum Opinion and Order, and herein, particularly that Plaintiff did not present evidence to create a genuine issue of material fact regarding the subjective component of his deliberate indifference claim, the Court hereby

5

certifies, pursuant to 28 U.S.C. 1915(a)(3) and Federal Appellate Rule 24(a), that an appeal from the Court's Memorandum Opinion and Order (Doc. 23) or this Order could not be taken in good faith. As such, Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 27) is denied. Plaintiff may file his motion to proceed *in forma pauperis* with the appellate court. Fed. R. App. P. 24(a)(4)-(5).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Alter/Amend Judgment (Doc. 26) be, and the same hereby is, DENIED, and it is

FURTHER ORDERED that Plaintiff's Motion to Appeal *In Forma Pauperis* (Doc. 27), be and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2025